## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RICKY ALSTON,       *

    Petitioner       *

v.       *       Civil Action No. JKB-17-2184

UNITED STATES ATTORNEY GENERAL,   *

    Respondents       *
                   ***

## MEMORANDUM OPINION

Petitioner Ricky Alston, an inmate at the Federal Correctional Institution at Cumberland (FCI Cumberland), filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the U.S. Parole Commission's (USPC) revocation of his supervised release and imposition of a 49-month term of imprisonment. ECF No. 1. Respondents have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, ECF No. 10, which is unopposed by Alston. The matter is now ripe for review. After review of these filings, the Court finds no need for an evidentiary hearing. *See* Rules 1(b), 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6. For the reasons that follow, the Court shall GRANT Respondents' dispositive Motion, and DISMISS this action.

## BACKGROUND

This Petition was initially filed on November 4, 2016, in the United States District Court for the Eastern District of Pennsylvania. ECF 1. While this case remained pending in Pennsylvania, on May 15, 2017, Alston filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court, raising the same challenge to the conduct of the USPC in revoking his supervised release and imposing a 49-month term of confinement. *See Alston v. Stewart*, Civil Action No. JKB-17-1339 (hereinafter *Alston I*, dismissed on February 27, 2018). On

June 30, 2017, the United States District Court for the Eastern District of Pennsylvania transferred this case to this Court. ECF 6. The case was received for docketing on August 3, 2017. ECF 8.

The claims presented in *Alston I* are summarized as follows:

1. After executing the arrest warrant on June 23, 2016, the U.S. Marshal failed to return Petitioner "to the custody of the Attorney General" for 18 days, and neither "the warrant application or other notices were" delivered to Petitioner. *Id.* at 8.

2. Petitioner's due process protections were violated because he did not receive the September 7, 2016, revocation hearing disclosure and 28 CFR § 2.55(a) requires notice at least 60 days prior to hearing. *Id.* at 9.

3. "Pursuant to § 2.215(a) (c), (d)(1)(ii), (f) [Petitioner] was not permitted an opportunity to sign or date any paperwork related to this action, no paper was produced by U.S.M.S." Petitioner also appears to take issue with his placement in the Oneida County Sheriff's Department immediately after arrest and his transfer to MDC Brooklyn on "A-HOLD status with no other information." *Id.* at 10.

4. Petitioner was not advised of his right to counsel to challenge the placement of a warrant as a detainer while he was serving his state sentence pursuant to 28 CFR § 2.46 – 2.48, and the September 7, 2016, letter does "not contain the regional commissioner review that should have taken place between the months of April/May 2016." *Id.* at 10-11.

5. Petitioner "was unable to contest any action" pursuant to the provisions of 28 CFR § 2.215 prior to the hearing because he did not receive the requisite notice from the USPC. *Id.* at 11.

6. This ground is missing from the original Petition, although Petitioner presents the ground in his Response in Opposition to the Motion to Dismiss. Petitioner argues that the USPC failed to respond to his Freedom of Information Act ["FOIA"] request for "all relevant information into this matter." ECF No. 17 at 8-9.

7. The revocation hearing was conducted outside the time period provided by federal regulations, and "[n]o postponement were [sic] requested by [Petitioner] without [sic] the aid of counsel nor were the commission given consent to any postponement." ECF No. 1 at 12.

8. Petitioner submitted a notice of reconsideration to the USPC under 28 CFR § 2.27, but the Commission failed to respond. *Id.*

9. The USPC erred in finding that Petitioner's severity rating was Category 5 because it incorrectly found that his menacing conviction was akin to an assault. *Id.* at 13-16. Petitioner's argument for this ground is taken substantially verbatim from portions of his argument to the NAB. *Compare id. with* ECF No. 15-2 at 56-59.

10. The USPC failed to provide a specific explanation "for the change in reasoning in the severity rating category." ECF No. 1 at 17.

11. "The Commission abused its discretion when it choose [sic] to go outside and above the guidelines by failing to adequately explaining [sic] its reason given in the Notice of Action.'" *Id.* at 18.

12. By finding that petitioner's offense was most like an assault with a deadly weapon, the USPC used the unadjudicated New York offense assault with a deadly weapon (i.e., charge 3(B) from the notice of revocation hearing). *Id.* at 19.

13. The NAB failed to render a decision on Petitioner's appeal and its time for doing so has expired. *Id.* at 20.

*Alston I*, ECF 25 at pp. 8-9. As relief, he requested the Court to direct Congress to add legislation addressing the due process violations, imposing sanctions on the USPC, and appointing an independent review board. *Alston I*, ECF 1 at pp. 21-22.

Here, Alston alleges the same procedural due process violations regarding his parole revocation as well as the same issues regarding his FOIA request.[1] ECF 1. He again asks the Court to compel Congress to add legislation addressing due process violations and sanction the USPC. *Id.*

In their unopposed Motion to Dismiss, or in the Alternative, for Summary Judgment filed on September 22, 2017, Respondents argue that this case must be dismissed as it alleges claims identical to those raised in *Alston I.* ECF 10-1 (Memorandum). The Court agrees.

Litigants are generally not permitted to pursue the same claim in two simultaneously filed cases. "The rule against claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action.'" *Lee v.*

---

[1] He does not raise the issues regarding the conduct of NAB in this Petition.

*Norfolk S. Ry. Co.*, 802 F.3d 626, 635 (4th Cir. 2015) (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008)). "In a claim splitting case, as with the traditional res judicata analysis, the second suit will be barred if the claim involves the same parties or their privies and 'arises out of the same transaction or series of transactions' as the first claim." *Sensormatic*, 452 F. Supp. 2d 621, 626 (D. Md. 2006), *aff'd,* 273 F. App'x 256 (4th Cir. 2008) (citing *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269–70 (11th Cir. 2002)). "[W]hen a suit is pending in federal court, a plaintiff has no right to assert another action 'on the same subject in the same court, against the same defendant at the same time.' *Sensormatic*, 452 F. Supp. 2d at 626 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2nd Cir. 2000)).

"This defense against claim-splitting, however, can be relinquished by a defendant either explicitly or implicitly." *Lee v. Norfolk S. Ry. Co.*, 187 F. Supp. 3d 623, 629 (W.D.N.C.), *aff'd,* 670 F. App'x 777 (4th Cir. 2016) (ultimately holding Defendants had waived the claim-splitting defense). "The Fourth Circuit has specifically prohibited a 'wait and see' strategy." *Id.* at 630 (citing *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 636 (4th Cir. 2015) (party with knowledge of split claim litigation must promptly raise the issue "while both proceedings are pending")). Defendant in this case has not waived the defense as it was raised in the initial response to the Petition and prior to *Alston I*'s dismissal.

"When determining whether the second suit duplicates the first, the court considers (1) whether the second suit 'arises out of the same operative facts,' and (2) whether the 'interests of judicial economy and avoiding vexatious litigation outweigh the plaintiff's interest in bringing the second suit.'" *Southard v. Wicomico County Bd. Of Educ.*, No. SAG-15-61, 2015 WL 4993721 (D. Md. Aug. 20, 2015) (quoting *Jenkins v. Gaylord Entm't Co.*, 840 F. Supp. 2d 873,

883 (D. Md. 2012). If the second suit duplicates the first, the court "may stay the second suit, dismiss it without prejudice, or consolidate the two actions." *Hare v. Opryland Hosp., LLC*, No. DKC–11–1439, 2011 WL 6153128, at \*2, n.2 (D. Md. Dec. 9, 2011) (citing *Curtis*, 226 F.3d at 139).

Here, the claims asserted by Alston arise out of the same operative facts regarding his parole revocation. Although Alston named different Respondents in each case, "the proper respondent to a habeas petition is 'the person who has custody over the petitioner.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). Thus, the only proper Respondent in each case was Timothy Stewart, the Warden of FCI-Cumberland. Additionally, the interests of judicial economy weigh in favor of dismissing this petition as the issues have already been reviewed on the merits in *Alston I*. There is no discernible prejudice to Alston who has failed to oppose the Motion. The rule against claim-splitting applies to Alston's claims in this Petition and Respondent is entitled to have the Petition dismissed.

A separate order follows.

Dated this __6__ day of __August__, 2018 .

FOR THE COURT:

James K. Bredar
Chief Judge